IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

WILLIAM ANSON RATLIFF PLAINTIFF

v. Civil No. 11-5182

NURSE GAIL HARTGRAVES DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

On October 3, 2011, Defendant filed a motion to dismiss (Doc. 11) for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff has not responded to the motion.

**1. Background**

According to the allegations of the complaint, Plaintiff was seen by the jail doctor, Dr. Huskins, on July 6, 2011. *Amended Complaint* (Doc. 5) at pg. 6. The doctor examined a cyst Plaintiff had. *Id.* Plaintiff alleges he was instructed to "return as soon as possible" for a follow-up or reexamination of the cyst. *Id.*

That same day, Plaintiff filled out a request asking to see the doctor. *Amended Complaint* (Doc. 5) at pg. 6. The request was returned to him on July 9th, with a response from Nurse Hartgraves. *Complaint* (Doc. 1) at pg. 8. She stated: "Saw MD the day you wrote this." *Id.* As a result of not having been immediately placed on the list to see the doctor at his next visit, Plaintiff states he had to deal with an infection for at least another week. *Amended Complaint* (Doc. 5) at pg. 7. Plaintiff indicates he did not see the doctor again for at least a week. *Id.* He noted that it took time to get into see the doctor. *Id.*



AO72A
(Rev. 8/82)

On July 11th, Plaintiff submitted a grievance about this incident. *Complaint* (Doc. 1) at pg. 6. He noted that he had submitted a medical request on July 6th, even though he had seen a doctor that day, so he would be placed on the next doctor's call for a follow-up on the cyst. *Id.*

**2. Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility] standard. First, the court must take the plaintiff's factual allegations as true. This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may property be set aside." *Braden*, 588 F.3d at 594 (citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

**3. Discussion**

Defendant maintains she is entitled to judgment in her failure because at most her action caused a temporary delay in Plaintiff's seeing the doctor for a follow-up visit. Defendant also maintains the complaint is fatally deficient because there is no allegation that the delay had a detrimental effect on Plaintiff's health.



AO72A
(Rev. 8/82)

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment deliberate indifference standard applies to both pretrial detainees and convicted prisoners. *Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006).

> To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs. This requires a two-part showing that (1) the inmate suffered from an objectively serious medical need, and (2) the prison official knew of the need yet deliberately disregarded it.

*Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011)(citations omitted).

"Deliberate indifference is equivalent to the criminal law standard of recklessness-a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hartsfield v. Colburn*, 491 F.3d 394, 397 (8th Cir. 2007)(citation and internal quotation marks omitted).

In this case, Plaintiff submitted his request for medical care the same day he had been seen by the doctor. It is not clear from the request that Plaintiff was attempting to schedule a follow-up appointment at a later time. Other than her response to the medical request, there is no allegation that Nurse Hartgraves refused, delayed, or denied Plaintiff medical treatment or interfered with Dr. Huskins' prescribed treatment of the cyst. Additionally, there is no allegation that the week delay in Plaintiff being seen by the doctor again adversely impacted his health.

**4. Conclusion**

For the reasons stated, I recommend that the motion to dismiss (Doc. 11) be granted and this case dismissed with prejudice.



AO72A
(Rev. 8/82)

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of October 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE